UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL J. M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C25-5835-SKV

ORDER REVERSING
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of his applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1982, has a high school education, and has worked as a cashier and dog bather.  *See* AR 93-95, 101, 326.  Plaintiff was last gainfully employed in or around 2015.  *See* AR 98.

ORDER REVERSING COMMISSIONER'S
DECISION - 1

On September 1, 2022, Plaintiff applied for benefits, alleging disability as of January 12, 2018. AR 248-74.[1]  Plaintiff's applications were denied initially and on reconsideration, *see* AR 131-63, and he requested a hearing. After the ALJ conducted a hearing on May 9, 2024, AR 77-106, the ALJ issued a decision finding Plaintiff not disabled, AR 11-26.

### THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date of January 12, 2018.

**Step two**:  Plaintiff has the following severe impairments:  ligament injury to the right upper thumb; osteoarthritis, bilateral knees; depression; anxiety; tennis elbow; panic disorder; post-traumatic stress disorder (PTSD); obesity; degenerative disc disease; alcohol abuse; agoraphobia; seizure disorder; chronic pancreatitis; cirrhosis of liver; esophageal bleeding; portal hypertension; and patellar tendinitis.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work with the following exceptions:  occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently reach, handle, finger, and feel; and never work at unprotected heights or around dangerous moving mechanical parts.  He can also understand, remember, and carry out short simple instructions; concentrate, persist, and maintain pace in order to perform simple, routine, repetitive tasks; occasionally interact with supervisors, coworkers, and the general public; and adapt to routine changes in the workplace.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] An ALJ previously found Plaintiff not disabled in an administratively final decision dated January 13, 2021.  *See* AR 110-20.

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER REVERSING COMMISSIONER'S
DECISION - 2

AR 11-26.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-5. Plaintiff appealed the final decision of the Commissioner to this Court. *See* Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 2.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER REVERSING COMMISSIONER'S
DECISION - 3

**DISCUSSION**

Plaintiff argues the ALJ improperly rejected his symptom testimony regarding his panic attacks[4] and harmfully erred in failing to address a medical source opinion. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.     The ALJ Did Not Err in Assessing Panic Attack Symptom Testimony**

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). This requires the ALJ to specify which testimony is not credible and which evidence contradicts it. *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). That said, an ALJ is not required to believe every claim, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), nor to analyze the claimant's testimony line by line. *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

In this case, the ALJ acknowledged Plaintiff's testimony of experiencing panic attacks, but found his statements concerning the intensity, persistence, and limiting effects of all of his symptoms inconsistent with the treatment evidence for the period at issue, which did not support the limitations alleged, and found the assessed RFC accounted for his impairments. AR 17. The ALJ described the medical evidence of record, which included, in relevant part: Plaintiff's treatment for depression and anxiety beginning in February 2019 and his request for discharge from therapy in November 2019; his presentation for treatment for anxiety in April 2021 and the

---

[4] Plaintiff notes, in his reply, that the inclusion of the term "migraines" in the "issues presented" portion of his opening brief was a scrivener's error. *See* Dkt. 10 at 1 & Dkt. 16 at 1.

observation that he had not, since 2019, returned for treatment or followed up after an initial prescription; his June 2022 report of "trying to stay home as much as he could due to anxiety" and normal findings on examination; his anxious appearance in a June 2022 primary care visit; the March 2023 observation of psychological consultant Melinda Losee, Ph.D., that he presented as extremely anxious, shaking, socially anxious and timid, and her finding of concentration impaired at times due to anxiety and diagnosis of, *inter alia*, panic disorder; his April 2023 presentation to the emergency room for mental health treatment, reporting alcohol abuse and hallucinations, and with normal findings other than seeming anxious; subsequent normal mental status examinations (MSE) in June, September, and October 2023 and in February 2024; and appearing slightly anxious but with an otherwise normal MSE in March 2024.  AR 18-21 (citations to record omitted).  The ALJ found that Plaintiff had generally normal MSE findings (including normal speech, cooperative attitude and behavior, normal affect, and thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment within normal limits), that his abnormal MSE findings of appearing anxious and having impaired concentration at times had been accounted for by RFC limitations to short simple instructions, simple, routine, and repetitive tasks, occasional interactions, and routine changes, and that the "generally normal MSE findings support that no further restrictions are warranted."  AR 21.

An ALJ may discount a claimant's testimony by finding it inconsistent with or not supported by the medical evidence.  *See, e.g., Smartt*, 53 F.4th at 497-99 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony. We have upheld ALJ decisions that do just that in many cases."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While

ORDER REVERSING COMMISSIONER'S
DECISION - 5

subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").  The ALJ, as such, here provided clear and convincing reasons for discounting Plaintiff's testimony as to his degree of impairment.

Plaintiff asserts that the ALJ failed to identify any inconsistency between his testimony of experiencing panic attacks when outside his home, *see* AR 92, 95, 104, and the medical evidence of record, and that the ALJ's discussion of MSE findings did not specifically address that testimony or explain how it was accounted for.  He asserts that the "record at large is not overtly inconsistent" with his testimony, pointing to his report to Dr. Losee that he "currently experiences infrequent panic attacks (e.g., 2 or 3 per month) but is avoiding most triggers[,]" and her statement that "[i]t is likely that he would experience more frequent panic attacks if he was not avoiding so much."  AR 617.  He also asserts that, because he was unrepresented at the hearing, *see* AR 11, 81-82, the ALJ had an obligation to explore his panic attacks in more detail and address the testimony in her decision.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered. . . . When the claimant is unrepresented, . . . the ALJ must be especially diligent in exploring for all the relevant facts.") (cleaned up and quoted sources omitted).

The Court finds no error.  The ALJ here considered Plaintiff's testimony as to all of his mental health symptoms and reasonably found it inconsistent with the largely normal MSE findings.  *See, e.g., Molina*, 674 F.3d at 1113 (ALJ properly supported her finding of inconsistency with allegations of debilitating panic attacks by pointing to evidence of demeanor and presentation on examination, and that claimant was "alert and oriented, maintained good eye

ORDER REVERSING COMMISSIONER'S
DECISION - 6

contact, did not appear excessively anxious, spoke coherently and fluently, smiled appropriately, and was congenial."). *See also Magallanes*, 881 F.2d at 750 (noting that an "incantation" of "I reject [something] because. . . " is not required, and that the reviewing court is not "deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion."). The ALJ also reasonably, and as reflected in his recitation of the medical record, considered the absence of medical evidence supporting Plaintiff's testimony as to the degree of his impairment. In assessing Plaintiff's RFC, the ALJ properly "took into account those limitations for which there was record support that did not depend on [plaintiff's] subjective complaints[,]" *Bayliss*, 427 F.3d at 1217, and reasonably accounted for the evidence of some abnormal MSE findings by assessing limitations with respect to instructions, tasks, interacting, and adapting.

Plaintiff does not support an assignment of error through his reference to the medical record. The ALJ, in fact, found Dr. Losee's opinion that Plaintiff's anxiety can impair his ability to attend to, remember, and carry out instructions at times, that he was capable of making simple work-related decisions, cognitively capable of adapting to changes in a work setting but would have difficulty tolerating high levels of stress, and was capable of responding appropriately to supervision, coworkers, and the public but with social anxiety, generally persuasive to the extent not interpreted as more restrictive than the assessed RFC, well supported by her in-person examination, and generally consistent with the evidence of record. AR 23. He noted that, specifically, Plaintiff reported that he enjoyed spending time with his children and taking care of his father, helped take care of a dog, reported walking on the beach, going to the store, and watching movies, that he had a trip coming up, and that he had some abnormal, but generally normal MSE findings. AR 23-24. Plaintiff does not challenge this assessment, and the Court

ORDER REVERSING COMMISSIONER'S
DECISION - 7

finds the ALJ's assessment of the evidence from Dr. Losee and the medical record as a whole rational and supported by substantial evidence.

Nor does Plaintiff demonstrate error associated with his lack of representation at hearing. *See generally* AR 11 (noting that, while informed of his right to representation, Plaintiff "chose to appear and testify without the assistance of an attorney or other representative."); AR 81-82 (discussing Plaintiff's right to and waiver of representation at hearing). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing *Tonapetyan*, 242 F.3d at 1150). Plaintiff does not here identify and the Court finds no ambiguity or inadequacy supporting an assignment of error.

Plaintiff, finally, takes issue with the Commissioner's assertions that the ALJ also properly discounted his testimony with consideration of the significant gap in mental health treatment and upon finding his testimony inconsistent with his activities. *See* Dkt. 15 at 5-6; Dkt. 16 at 2-4. The Court, as discussed above, finds that the ALJ properly discounted Plaintiff's testimony upon finding it inconsistent with and unsupported by the medical evidence of record. The Court also, as discussed below, finds this matter properly remanded for further consideration of a medical opinion. The Court therefore declines to specifically address these additional arguments except to note that, on remand, the ALJ should make clear the extent to which he considers Plaintiff's activities and/or any unexplained or inadequately explained gap in treatment in assessing Plaintiff's symptom testimony.

**B.      The ALJ Erred in Assessing a Medical Opinion**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are

ORDER REVERSING COMMISSIONER'S
DECISION - 8

supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The "supportability" factor addresses the relevance of the objective evidence presented in support of an opinion, as well as the "supporting explanations" provided by the medical source. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The "consistency" factor examines the consistency of the opinion with evidence from other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The more consistent an opinion is with that other evidence, the more persuasive it will be. *Id*. An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

On initial review in October 2022, State agency psychological consultant John Wolfe, Ph.D., opined that Plaintiff would have occasional interference in his ability to complete a normal workday/week, but would be able to do so most of the time and would work best away from others, was capable of occasional and superficial contact with the public and coworkers, and had no adaptation limitations. AR 150. On reconsideration in April 2023, State agency psychological consultant Dr. Richard B., Ph.D., opined that Plaintiff retains the capacity to understand, remember, and carry out simple instructions, maintain concentration, persistence, and pace for up to two hours continuously, maintain adequate attendance, and complete a normal workday/week within normal tolerances of a competitive workplace, but would not be able to consistently understand and remember instructions and carry out tasks more detailed than this on a consistent and regular basis. AR 172. He further opined that Plaintiff had the capacity to interact with others on an occasional/superficial basis, could accept instructions from a supervisor, would not do well in a setting requiring public interactions, could adapt to minimal changes in an otherwise very routine work setting with predictable tasks, and could commute to work or get rides from others. AR 173.

ORDER REVERSING COMMISSIONER'S
DECISION - 9

The ALJ found the opinion at the reconsideration level "to be most persuasive" to the extent it was not interpreted to be more restrictive than the RFC assessed, as it was well supported by the explanation provided in the Disability Determination Explanation and consistent with the medical evidence of record. *See* AR 22-23. Specifically, Plaintiff noted he enjoyed spending time with his children and taking care of his father, and reported helping take care of a dog, walking on the beach, going to the store, watching movies, and had a trip coming up; had generally normal MSEs, including normal speech, cooperative attitude and behavior, normal affect, and thought process and content, orientation, perception, memory, fund of knowledge, concentration, abstract thought, and insight and judgment within normal limits; and was appropriately groomed, cooperative, and alert and oriented. AR 23 (citations omitted).

Plaintiff argues the ALJ erred in not addressing whether Dr. Wolfe's opinion was supported or consistent with the record, and in not accepting or rejecting Dr. Wolfe's opinion that he would have "occasional interference" in his ability to complete a normal workday/week on a consistent basis but could do so "most of the time." AR 150. He asserts harmful error, pointing to the vocational expert's testimony that a person who is off-task twenty percent of a workday or absent twice a month would be incapable of sustaining competitive employment. *See* AR 102. He argues that a person who was absent from work twice per month would still be present eighteen days per month, "which is 'most of the time' 90% by calculation." Dkt. 10 at 9.

The Commissioner argues that the Court can reasonably follow the ALJ's reasoning that the opinions of Dr. Richard B. and Dr. Wolfe conflicted, that the ALJ found Dr. Richard B.'s findings were better supported and more consistent with the evidence, and that the ALJ therefore found Dr. Wolfe's opinions were not as well supported and were less consistent with the evidence. The Commissioner also argues that Plaintiff cannot show prejudicial error. The

ORDER REVERSING COMMISSIONER'S
DECISION - 10

Commissioner asserts that there is nothing that "compels [Plaintiff's] speculative interpretation of 'most of the time.'" Dkt. 15 at 10. The Commissioner notes Dr. Wolfe's expertise in evaluating Social Security disability claims, *see* 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(a)(b)(1), and the fact that RFC refers to the *most* a claimant can do on a regular and continuing basis, not the least, *see* Social Security Ruling (SSR) 96-8p. The Commissioner asserts that Dr. Wolfe, consistent with this definition, opined Plaintiff had the capacity to complete a normal workday/week most of the time, and that any statements "about his rare difficulty completing a normal workday or workweek described only the 'least' [he] could do." Dkt. 15 at 11.

"As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes*, 881 F.2d at 755. Indeed, "[e]ven when an agency 'explains its decision with "less than ideal clarity,"' we must uphold it 'if the agency's path may reasonably be discerned.'" *Molina*, 674 F.3d at 1121 (quoted sources omitted). However, the agency must "set forth the reasoning behind its decisions in a way that allows for meaningful review[]" because the Court may only affirm a decision to deny benefits on grounds invoked by the agency. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (cited source omitted). Further, the Court "may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless." *Id*. The Court is limited to reviewing the reasons offered by the ALJ, and may not substitute its conclusions for those of the ALJ or speculate as to the grounds for the ALJ's conclusions. *Id*. (citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)). *See also Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (a district court may not find harmless error by "affirm[ing] the agency on a ground not invoked by the ALJ"); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d

ORDER REVERSING COMMISSIONER'S
DECISION - 11

1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The Commissioner here suggests an explanation for the ALJ's consideration of the opinion evidence from Dr. Wolfe. However, the ALJ made no such findings and the Court is not able to discern how persuasive the ALJ found Dr. Wolfe's opinion that Plaintiff would have occasional interference in his ability to complete a normal workday/week on a consistent basis, but could do so most of the time, or to speculate as to how the ALJ interpreted that opinion. The Court, as such, finds that the ALJ harmfully erred in considering the opinion evidence from Dr. Wolfe.[5]

**CONCLUSION**

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 28th day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

---

[5] The Commissioner accurately notes that the ALJ need not separately address multiple medical opinions offered by a single medical source, *see* 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1), and may find a medical opinion unsupported *or* inconsistent, *see Woods*, 32 F.4th 785, 793 n.4 (finding that even if an opinion is supported, an ALJ may properly find it unpersuasive because it is inconsistent with the record). However, in this case, the ALJ did not specifically address either supportability or inconsistency in addressing the single opinion from Dr. Wolfe.

ORDER REVERSING COMMISSIONER'S
DECISION - 12